UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARRIC PLOCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12CV534 FRB |
| | ) |
| MRS BPO, L.L.C., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This cause is before the Court on plaintiff Arric Ploch's Motion for an Award of Damages and Attorneys' Fees and Expenses (Doc. #11). Defendant MRS BPO, L.L.C., opposes the motion, in part. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I. Background**

On February 22, 2012, plaintiff Arric Ploch filed the instant action in the Circuit Court of St. Charles County, Missouri, alleging that the actions of defendant MRS BPO, L.L.C., a debt collector, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. (FDCPA). Defendant removed the matter to this Court on March 21, 2012, pursuant to this Court's federal question jurisdiction. On that same date, plaintiff filed a Motion for Summary Judgment contending that there were no genuine issues of material fact and that he was entitled to judgment on his claims

as a matter of law. The following day, March 22, 2012, defendant tendered to plaintiff an Offer of Judgment in the amount of $2,001.00, plus reasonable costs and attorneys' fees to be determined by the Court in the event the parties were unable to agree on an amount. Plaintiff accepted the Offer of Judgment on April 2, 2012.

The parties being unable to agree on reasonable fees and costs, plaintiff filed the instant Motion for an Award of Damages and Attorneys' Fees and Expenses on April 9, 2012 (Doc. #11). Specifically, plaintiff seeks attorneys' fees in the amount of $9,705.50 and costs totaling $92.25. As such, when coupled with the $2,001.00 in statutory and actual damages as agreed in the accepted Offer of Judgment, plaintiff seeks a Judgment against defendant in an amount totaling $11,798.75. Defendant has responded to the motion to which plaintiff has replied. For the following reasons, plaintiff has demonstrated that he has incurred reasonable attorneys' fees and costs in the amount of $8,883.25 in this action, and he shall have Judgment thereon.

## II. Discussion

The FDCPA fee shifting provisions mandate an award of attorneys' fees to prevailing parties. 15 U.S.C. § 1692k(a)(3). The Court has broad discretion in determining the amount of attorneys' fees that are reasonable in an FDCPA action. Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, ___

130 S. Ct. 1605, 1621 (2010); French v. Corporate Receivables, Inc., 489 F.3d 402, 403 (1st Cir. 2007).

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." Hensley v. Eckerhart, 461 U.S. 424, 435 (1983). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. at 433. This calculation, called the lodestar method, "provides an objective basis on which to make an initial estimate of the value of the lawyer's services." Id. "Assessing the reasonableness of a fee requires [the Court] to consider the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." Jenkins v. Missouri, 127 F.3d 709, 718 (8th Cir. 1997). To determine a reasonable hourly rate, the Court should consider the prevailing market rate for similar services in the community where the litigation takes place when performed by "lawyers of reasonably comparable skill, experience, and reputation." McDonald v. Armontrout, 860 F.2d 1456, 1458-59 (8th Cir. 1988).

When seeking an award of attorneys' fees, the prevailing party should submit evidence supporting the hours worked and the rates claimed. Hensley, 461 U.S. at 433. "Where the documentation

of hours is inadequate, the district court may reduce the award accordingly. The district court should also exclude from this initial fee calculation hours that were not reasonably expended." Id. at 434. In this cause, plaintiff seeks an award of fees for 32.9 hours of work expended at a rate of $295.00 per hour. (Pltf.'s Mot. for Award, Doc. #11, Exh. 10.)

A.  Hourly Rate

Plaintiff seeks compensation at the rate of $295.00 per hour for work performed by attorneys Richard A. Voytas, Jr. and and James W. Eason. Defendant does not contest the hourly rate. The Court has examined plaintiff's motion and memorandum in support, as well as the exhibits submitted in support thereof, and finds that the hourly rate of $295.00 for work expended by counsel in this action is reasonable.

B.  Hours Expended

Plaintiff seeks the recovery of attorneys' fees for 32.9 hours of work. In its opposition, defendant argues that the hours expended are unreasonable in the circumstances of this case and should be reduced. Specifically, defendant contends that the hours expended in researching and preparing plaintiff's Motion for Summary Judgment should be eliminated from plaintiff's fee request in their entirety; that the hours expended subsequent to March 22, 2012, the date defendant's Offer of Judgment was tendered, should be eliminated in their entirety; that the hours expended in

researching and drafting plaintiff's petition should be reduced; that the hours expended in meeting with the plaintiff-client should be reduced given the multiple separate causes of action in which counsel represents this client; and that the hours expended for engaging in administrative tasks should be eliminated in their entirety. The Court addresses each of defendant's arguments in turn.

    1. *Motion for Summary Judgment*

Defendant argues that plaintiff should not receive a fee award for any of counsel's work expended on the Motion for Summary Judgment because the motion was prematurely filed, contained boilerplate language and was based on inaccurate facts. Defendant further contends that the motion was improvidently filed inasmuch as genuine issues of material fact exist in the cause, thereby demonstrating that the motion was filed merely to incur fees. For the following reasons, defendant's contentions are not well taken.

    a. Premature Filing

Rule 56(b), Federal Rules of Civil Procedure, provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Further, "[i]f a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or

deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The Local Rules of this Court do not set a time for the filing of summary judgment motions. Nor, at the time plaintiff filed his summary judgment motion in this cause, was there a separate Court Order setting the time for filing summary judgment motions in the action. As such, against the backdrop of Rule 56(b), defendant's contention that plaintiff's summary judgment motion was prematurely filed in this action is without merit. To the extent defendant argues that the filing of the motion was premature inasmuch as defendant did not have adequate time for discovery, the undersigned notes that defendant had an opportunity pursuant to Rule 56(d) to request that the Court defer ruling on the summary judgment motion, deny the motion or grant additional time for discovery. "A party opposing summary judgment who believes that [it] has not had an adequate opportunity to conduct discovery must seek relief pursuant to Federal Rule of Civil Procedure 56[.]" Stanback v. Diversified Prods., 180 F.3d 903, 911 (8th Cir. 1999). Defendant did not seek such relief here.

Because the filing of plaintiff's Motion for Summary Judgment in this cause was not premature by any standard, defendant's contention otherwise is without merit and should be denied.

b. Boilerplate Language

Defendant contends that plaintiff's summary judgment motion is "virtually identical" to other summary judgment motions filed by plaintiff's counsel in similar causes of action and thus that counsel should not be awarded fees sought in relation to time expended on the summary judgment motion filed in this action. In a similar vein, defendant argues that counsel should not be awarded the entirety of their fees for researching and drafting the initial petition in this cause given that the petition is a "cut and paste job" from "virtually the same Complaint" filed in another cause of action. Defendant contends that such a fee award would create a windfall for plaintiff's counsel.

As argued by plaintiff, it is not unreasonable for an attorney to expend time conducting research regarding the current state of the law in preparation for the drafting of a petition and summary judgment motion in any given cause of action. Indeed, to do otherwise would be unreasonable and subject counsel to sanctions under Rule 11, Federal Rules of Civil Procedure. Defendant's argument leads to the illogical conclusion that plaintiff's counsel should not receive compensation for ensuring that the pleadings and arguments presented to the Court are supported by the current state of the law and are based on facts which have evidentiary support. Defendant's argument should therefore be denied.

       c.    Inaccurate Facts/Issues of Material Fact

Defendant argues that the purported uncontroverted facts as presented in plaintiff's Motion for Summary Judgment are, in fact, "hotly contested." Defendant argues that, because of these disputed facts, plaintiff would not have been able to obtain judgment as a matter of law on his claims, thus demonstrating that the motion was filed only to generate fees.

The time to oppose a Motion for Summary Judgment is upon its filing and within the time permitted by the Court and/or the Federal Rules of Civil Procedure. The defendant here chose not to oppose plaintiff's motion. For defendant to belatedly argue the merits of the motion in the circumstances of this case, that is, after having been tendered plaintiff's acceptance of its Offer of Judgment and only in response to a collateral matter relating to statutorily mandated fees and costs, is inappropriate. The time for presenting its argument that plaintiff's summary judgment motion is based on "bald-faced lie[s]" and "false statement[s]" has passed. The Court will not entertain such an argument.

    2.    *Hours Expended Subsequent to March 22, 2012*

Defendant's Offer of Judgment, dated March 22, 2012, and accepted by the plaintiff, states that the Judgment entered shall include reasonable attorneys' fees accrued through the date of the Offer. (See Pltf.'s Notice of Acceptance, Exh. 1, Doc. #10-1 at para. 4.) Plaintiff concedes that 1.2 hours expended subsequent to

March 22, 2012, were inadvertently included in his request for fees and agrees that such time should be eliminated from any fee award.

Accordingly, the time for which plaintiff shall be awarded attorneys' fees in this cause shall be reduced by 1.2 hours.

3. *Client Meetings*

The evidence before the Court shows plaintiff's counsel to have met and/or had discussions with plaintiff Arric Ploch *in this cause of action* on no less than six occasions over a six-week period for a total of 4.3 hours. (Pltf.'s Mot. for Award, Doc. #11, Exh. 10.) This amount of time meeting with a client is reasonable. Defendant speculates, however, that such time had to have necessarily included meetings and/or discussions relating to other cases involving plaintiff and his wife, and thus that plaintiff should not be awarded the entirety of his requested fees for such meetings. Such speculation is unreasonable and devoid of support. Defendant also speculates that counsel's time spent with the plaintiff necessarily included discussions regarding plaintiff's engagement of counsel's services which should not be included in a fee award. This speculation is likewise without support, evidentiary or otherwise.

Defendant's argument for a fee reduction relating to counsel's time spent with plaintiff should be denied.

4. *Administrative Tasks*

Defendant contends that 1.9 hours expended on administrative tasks such as locating a process server, speaking with a process server, and document handling should not be considered in determining an award of attorneys' fees. Plaintiff does not respond to defendant's contention. Upon review of plaintiff's invoice, the undersigned finds defendant's argument to be well taken. Cf. Knudsen v. Barnhart, 360 F. Supp. 2d 963, 977 (N.D. Iowa 2004).

Accordingly, the time for which plaintiff shall be awarded attorneys' fees in this cause shall be reduced by an additional 1.9 hours.

C. Costs

Plaintiff seeks costs in the amount of $92.25, which consists of the State court filing fee of $42.25 and the cost of a special process server in the amount of $50.00. (Pltf.'s Mot. for Award, Doc. #11, Exh. 2.) Defendant does not object to the costs requested. Costs are allowed as a matter of course to the prevailing party. See 15 U.S.C. § 1692k(a)(3); Fed. R. Civ. P. 54(d)(1). Costs for the process server and filing fee are recoverable, and the Court will award plaintiff such costs in the amount of $92.25.

D. Offer of Judgment Regarding Damages

Prior to trial, a defending party may serve the opposing

party an offer to allow judgment "on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment." Id. In this action, plaintiff accepted defendant's Offer of Judgment in the amount of $2,001.00 for damages, plus reasonable attorneys' fees and costs as determined by the Court. (See Doc. #10.) Plaintiff filed the Offer and Notice of Acceptance on April 2, 2012, with proof of service thereon. The Court having now determined reasonable attorneys' fees and costs, a separate Judgment shall issue on the terms and conditions as set out in the Offer of Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Arric Ploch's Motion for an Award of Damages and Attorneys' Fees and Expenses (Doc. #11) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that, in accordance with the determinations made herein, Judgment in this cause shall include an award of reasonable attorneys' fees in the amount of $8,791.00, representing 29.8 hours of work expended at a rate of $295.00 per hour.

**IT IS FURTHER ORDERED** that, in accordance with the determinations made herein, Judgment in this cause shall include an

award of reasonable costs in the amount of $92.25.

**IT IS FURTHER ORDERED** that plaintiff Arric Ploch's Motion for Summary Judgment (Doc. #6) is denied as moot.

Judgment shall be entered accordingly.

*Frederick R. Buckles*
_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _25th_  day of February, 2013.